| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| DOUGLAS G. TENNANT, Bar No. 119133<br>FRANKEL & TENNANT<br>PROFESSIONAL CORPORATION<br>895 Dove Street, Suite 119<br>Newport Beach, California  92660<br>Telephone: (949) 222-3456   Fax: (949) 222-3453<br><br>☐ *Individual appearing without counsel*<br>☒ *Attorney for:*  JPMorgan Chase Bank, N.A. | |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br> JNR Enterprises LLC<br><br><br><br><br><br>                                                                                                 Debtor(s). | CHAPTER: 11<br><br>CASE NO.: 1:09-bk-26742-MT<br><br>DATE: 3/18/10<br>TIME: 9:30 am<br>CTRM: 302<br>FLOOR: 3 |
|---|---|

## NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (with supporting declarations)
## (MOVANT: JPMorgan Chase Bank, N.A., its successors and assigns )
## (Real Property)

1. NOTICE IS HEREBY GIVEN to the Debtor(s) and Trustee (if any)("Responding Parties"), their attorneys (if any), and other interested parties that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

2. **Hearing Location:**  ☐ **255 East Temple Street, Los Angeles**       ☐ **411 West Fourth Street, Santa Ana**
   ☒ **21041 Burbank Boulevard, Woodland Hills**   ☐ **1415 State Street, Santa Barbara**
   ☐ **3420 Twelfth Street, Riverside**

3. a. ☒ This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1.  If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this Motion.

   b. ☐ This Motion is being heard on SHORTENED NOTICE.  If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence may be filed and served:

   ☐ at the hearing        ☐ at least _____ court days before the hearing.

   (1) ☐  A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).

   (2) ☐  A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court and such motion and order have been or are being served upon the debtor and trustee, if any.

   (3) ☐  A Motion for Order Shortening Time has been filed and remains pending.  Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

4. You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response *(Optional Court Form F 4001-1M.RES)*, or you may prepare your response using the format required by Local Bankruptcy Rule 9004-1 and the Court Manual.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                                                                                        **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 2 of* 165     **F 4001-1M.RP**

| In re | (SHORT TITLE) | | CHAPTER: 11 |
|---|---|---|---|
| JNR Enterprises LLC | | Debtor(s). | CASE NO.: 1:09-bk-26742-MT |

5. If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: 2/17/10

Frankel & Tennant Professional Corporation
*Print Law Firm Name (if applicable)*

DOUGLAS G. TENNANT
*Print Name of Individual Movant or Attorney for Movant*

*Signature of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009

**F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 3 of* 165    F 4001-1M.RP

| In re | (SHORT TITLE) | CHAPTER: 11 |
|---|---|---|
| JNR Enterprises LLC | Debtor(s). | CASE NO.: 1:09-bk-26742-MT |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY
**(MOVANT:** JPMorgan Chase Bank, N.A., its successors and assigns **)**

1. **The Property at Issue:** Movant moves for relief from the automatic stay with respect to following real property (the "Property"):

   *Street Address:* 8220 Langdon Avenue
   *Apartment/Suite No.:*
   *City, State, Zip Code:* Van Nuys, CA 91406

   Legal description or document recording number (including county of recording):
   See Exhibit A.  The Assessor's Parcel Number for the Real Property is 2654-036-022.
   ☐ See attached continuation page.

2. **Case History:**
   a. ☒ A voluntary   ☐ An involuntary   petition under Chapter   ☐ 7   ☒ 11   ☐ 12   ☐ 13
      was filed on *(specify date)*: 12/11/09
   b. ☐ An Order of Conversion to Chapter   ☐ 7   ☐ 11   ☐ 12   ☐ 13
      was entered on *(specify date)*:
   c. ☐ Plan was confirmed on *(specify date)*:
   d. ☒ Other bankruptcy cases affecting this Property have been pending within the past two years.  See attached Declaration.

3. **Grounds for Relief from Stay:**
   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:
      (1) ☒ Movant's interest in the Property is not adequately protected.
         (a) ☒ Movant's interest in the collateral is not protected by an adequate equity cushion.
         (b) ☒ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.
         (c) ☐ No proof of insurance re Movant's collateral has been provided to Movant, despite borrower(s)'s obligation to insure the collateral under the terms of Movant's contract with Debtor(s).
         (d) ☐ Payments have not been made as required by an Adequate Protection Order previously granted in this case.
      (2) ☒ The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.
         (a) ☐ Movant is the only creditor or one of very few creditors listed on the master mailing matrix.
         (b) ☐ Non-individual entity was created just prior to bankruptcy filing for the sole purpose of filing bankruptcy.
         (c) ☐ The Debtor(s) filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the Petition and a few other documents.  No other Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) have been filed.
         (d) ☒ Other (See attached continuation page).

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009    F 4001-1M.RP

Motion for Relief from Stay (Real Property) - *Page 4 of* 165     **F 4001-1M.RP**

| In re | (SHORT TITLE) | CHAPTER: 11 |
|---|---|---|
| JNR Enterprises LLC | Debtor(s). | CASE NO.: 1:09-bk-26742-MT |

    (3) ☐ *(Chapter 12 or 13 cases only)*

        (a) ☐ Postconfirmation plan payments have not been made to the Standing Trustee.

        (b) ☐ Postconfirmation payments required by the confirmed plan have not been made to Movant.

    (4) ☐ For other cause for relief from stay, see attached continuation page.

b. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor(s) has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), Debtor(s) has/have failed within the later of 90 days after the petition or 30 days after the court determined that the Property qualifies as single asset real estate to file a reasonable plan of reorganization or to commence monthly payments.

d. ☐ Pursuant to 11 U.S.C. § 362(d)(4), Debtor's(s) filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved:

    (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

    (2) ☐ Multiple bankruptcy filings affecting the Property.

4. ☒ Movant also seeks annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

5. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*

    a. ☒ Movant submits the attached Declaration(s) on the Court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.

    b. ☒ Other Declaration(s) are also attached in support of this Motion.

    c. ☒ Movant requests that the Court consider as admissions the statements made by Debtor(s) under penalty of perjury concerning Movant's claims and the Property set forth in Debtor(s)'s Schedules. Authenticated copies of the relevant portions of the Schedules are attached as Exhibit F.

    d. ☒ Other evidence *(specify)*:
A true and correct copy of the Deed of Trust, Assignment of Rents is attached as Exhibit B, and the Note in the principal sum of $2,793,000.00 secured by the Property and executed by Debtor is attached as Exhibit C, Declaration of Keith Settle and Appraisal attached as Exhibit E.

6. ☒ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following** *(specify forms of relief requested)*:

1. Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. ☒ Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

3. ☒ Additional provisions requested:

    a. ☒ That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

    b. ☒ That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

    c. ☐ That Extraordinary Relief be granted as set forth in the Attachment *(attach Optional Court Form F 4001-1M.ER)*.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*     **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 5 of* 165    **F 4001-1M.RP**

| In re | (SHORT TITLE) | CHAPTER: 11 |
|---|---|---|
| JNR Enterprises LLC | Debtor(s). | CASE NO.: 1:09-bk-26742-MT |

    d.  ☐  For other relief requested, see attached continuation page.

4.  If relief from stay is not granted, Movant respectfully requests the Court to order adequate protection.

Dated: 2/17/10

Respectfully submitted,

JPMorgan Chase Bank, N.A., its successors and assigns
*Movant Name*

Frankel & Tennant Professional Corporation
*Firm Name of Attorney for Movant (if applicable)*

By: _____
*Signature*

Name:  DOUGLAS G. TENNANT
*Typed Name of Individual Movant or Attorney for Movant*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009

**F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 6 of* 165    **F 4001-1M.RP**

| In re | (SHORT TITLE) | CHAPTER: 11 |
|---|---|---|
| JNR Enterprises LLC | Debtor(s). | CASE NO.: 1:09-bk-26742-MT |

## REAL PROPERTY DECLARATION
**(MOVANT:** JPMorgan Chase Bank, N.A., its successors and assigns**)**

I, Joe Losorelli, declare as follows:
*(Print Name of Declarant)*

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion ("Property") because *(specify)*:

   ☐ I am the Movant and owner of the Property.
   ☐ I manage the Property as the authorized agent for the Movant.
   ☒ I am employed by Movant as *(state title and capacity)*: a Vice President in the Special Credits Department of Movant
   ☐ Other *(specify)*:

2. I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor(s) concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3. a. The address of the Property that is the subject of this Motion is:

   *Street Address:* 8220 Langdon Avenue
   *Apartment/Suite No.:*
   *City, State, Zip Code:* Van Nuys, CA 91406

   b. The legal description or document recording number (including county of recording) set forth in Movant's Deed of Trust is attached as Exhibit  A  .

   ☐ See attached page.

4. Type of property *(check all applicable boxes)*:
   a. ☐ Debtor's(s') principal residence   b. ☐ Other single family residence
   c. ☒ Multi-unit residential             d. ☐ Commercial
   e. ☐ Industrial                          f. ☐ Vacant land
   g. ☐ Other *(specify)*:

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*    **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 7 of* 165      F 4001-1M.RP

| In re | (SHORT TITLE) | | CHAPTER: 11 |
|---|---|---|---|
| JNR Enterprises LLC | | Debtor(s). | CASE NO.: 1:09-bk-26742-MT |

5. Nature of Debtor's(s') interest in the Property:
   a. ☒ Sole owner
   b. ☐ Co-owner(s) *(specify)*:
   c. ☐ Lien holder *(specify)*:
   d. ☐ Other *(specify)*:
   e. ☒ Debtor(s)   ☒ did   ☐ did not   list the Property in the Schedules filed in this case.
   f. ☐ Debtor(s) acquired the interest in the Property by   ☐ grant deed   ☐ quitclaim deed   ☐ trust deed
      The deed was recorded on:

6. Amount of Movant's claim with respect to the Property:

   | | | PREPETITION | POSTPETITION | TOTAL |
   |---|---|---|---|---|
   | a. | Principal: | $ 2,785,205.60 | $ | $ 2,785,205.60 |
   | b. | Accrued Interest: | $ 255,527.11 | $ 44,902.15 | $ 300,428.26 |
   | c. | Late Charges: | $ 7,845.21 | $ 1,743.38 | $ 9,588.59 |
   | d. | Costs (Attorney's Fees, Other Costs): | $ 17,860.69 | $ 62,396.79 | $ 80,257.48 |
   | f. | Less Funds Held In Suspense: | $ -38,611.02 | $ | $ -38,611.02 |
   | g. | TOTAL CLAIM as of 2/1/10 : | $ 3,027,827.59 | $ | $ 3,136,868.91 |

   h. ☐ Loan is all due and payable because it matured on *(specify date)*:

7. Movant holds a   ☒ deed of trust   ☐ judgment lien   ☐ other *(specify)*
   that encumbers the Property.

   a. A true and correct copy of the document as recorded is attached as Exhibit B        .
   b. A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit C        .
   c. ☒ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit D        .

8. Status of Movant's claim relating to the Property *(fill in all applicable information requested below)*:

   a. Current interest rate: 11.38%
   b. Contractual maturity date: 11/1/38
   c. Amount of current monthly payment: $ 17,433.82
   d. Number of PREPETITION payments that have come due and were not made: 10   . Total amount: $ 174,338.20
   e. Number of POSTPETITION payments that have come due and were not made: 2    . Total amount: $ 34,867.64
   f. Date of POSTPETITION default:
   g. Last payment received on the following date: 3/1/09
   h. Notice of default recorded on the following date: 7/14/09
   i. Notice of sale recorded on the following date:
   j. Foreclosure sale originally scheduled for the following date: 6/17/09
   k. Foreclosure sale currently scheduled for the following date: 3/19/10
   l. Foreclosure sale already held on the following date:
   m. Trustee's deed on sale already recorded on the following date:
   n. Future payments due by time of anticipated hearing date *(if applicable)*: March 1, 2010
      An additional payment of $ 17,433.82        will come due on 3/1/10              , and on the 1st      day of each month thereafter. If the payment is not received by the 15th     day of the month, a late charge of $ 1,743.38       will be charged to the loan.

9. Attached hereto as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor(s) since the petition date.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                                                                    F 4001-1M.RP

Motion for Relief from Stay (Real Property) - *Page 8 of* 165        **F 4001-1M.RP**

| In re | (SHORT TITLE) | | CHAPTER: 11 |
|---|---|---|---|
| JNR Enterprises LLC | | Debtor(s). | CASE NO.: 1:09-bk-26742-MT |

10. ☒ *(Chapter 7 and 11 cases only)*: The fair market value of the entire Property is $ 2,384,000.00 , established by:

   a. ☒ Appraiser's declaration with appraisal attached herewith as Exhibit E .

   b. ☐ A real estate broker or other expert's declaration regarding value attached as Exhibit ____ .

   c. ☒ A true and correct copy of relevant portion(s) of Debtor's(s') Schedules attached as Exhibit F .

   d. ☐ Other *(specify)*:

11. ☒ The fair market value of the Property is declining based on/due to: Declining real estate market and Debtor's mismanagement
    (see attached Continuation Page)

12. ☒ **Calculation of equity in Property:**

   a. Based upon ☐ preliminary title report ☐ Debtor's(s') admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

   | | **Name of Holder** | **Amount as Scheduled by Debtor(s) (if any)** | **Amount Known to Declarant and Source** |
   |---|---|---|---|
   | 1st Deed of Trust: | JPMorgan Chase Bank, N.A. | | $3,136,868.91 |
   | 2nd Deed of Trust: | | | |
   | 3rd Deed of Trust: | | | |
   | Judgment Liens: | | | |
   | Taxes: | LA County Property Tax | | $22,451.61 |
   | Other: | | | |
   | **TOTAL DEBT:** | $ 3,159,320.52 | | |

   b. Evidence establishing the existence of the above deed(s) of trust and lien(s) is attached as Exhibit C , and consists of:

   ☐ Preliminary title report

   ☐ Relevant portions of Debtor's(s') Schedules as filed in this case

   ☒ Other *(specify)*: Movant's Deed of Trust, Exhibit B

   c. Subtracting the deed(s) of trust and other lien(s) set forth above from the value of the Property as set forth in Paragraph 10 above, the Debtor's(s') equity in the Property is $ -775,320.52 (§ 362(d)(2)(A)).

   d. The value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant is $ -775,320.52 (§ 362(d)(1)).

   e. Estimated costs of sale: $ 190,720.00 (Estimate based upon 8 % of estimated gross sales price)

13. ☐ *(Chapter 12 and 13 cases only)* Chapter 12 or 13 case status information:

   a. 341(a) Meeting currently scheduled for (or concluded on) the following date:
      Confirmation hearing currently scheduled for (or concluded on) the following date:
      Plan confirmed on the following date *(if applicable)*:

   b. Postpetition/preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

      *(Number of)* _____ payment(s) due at $_____ each = $_____
      *(Number of)* _____ payment(s) due at $_____ each = $_____
      *(Number of)* _____ late charge(s) at $_____ each = $_____
      *(Number of)* _____ late charge(s) at $_____ each = $_____

*(Continued on next page)*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*        **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 9 of* 165        F 4001-1M.RP

| In re | (SHORT TITLE) | CHAPTER: 11 |
|---|---|---|
| JNR Enterprises LLC | Debtor(s). | CASE NO.: 1:09-bk-26742-MT |

    c.  Postpetition/preconfirmation advances or other charges due but unpaid: $_____
        (See attachment for details of type and amount.)

                    **TOTAL POSTPETITION/PRECONFIRMATION DELINQUENCY:** $_____

    d.  Postconfirmation payments due BUT REMAINING UNPAID since plan confirmation *(if applicable)*:

        *(Number of)* _____ payment(s) due at $_____ each = $_____
        *(Number of)* _____ payment(s) due at $_____ each = $_____
        *(Number of)* _____ late charge(s) at $_____ each = $_____
        *(Number of)* _____ late charge(s) at $_____ each = $_____

    e.  Postconfirmation advances or other charges due but unpaid: $_____
        (See attachment for details of type and amount.)

                    **TOTAL POSTCONFIRMATION DELINQUENCY:** **$_____**

    f.  ☐  The claim is provided for in the Chapter 12 or 13 Plan. Plan payment history is attached as Exhibit _____.

    g.  ☐  See attached Declaration(s) of Chapter 12 or 13 Trustee regarding receipt of payments under the plan *(attach Court Form F 4001-1M.13)*.

14.  ☒  Movant has not been provided with evidence that the Property is currently insured, as required under the terms of the loan.

15.  ☐  The court determined that the Property qualifies as single asset real estate on _____. More than 90 days have passed since the filing of the petition, more than 30 days have passed since the court determined that the Property qualifies as single asset real estate, the Debtor(s) has/have not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time or the Debtor(s) has/have not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

16.  ☒  See attached continuation page for facts establishing that the bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

17  ☐  The filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved:

    a.  ☐  The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

    b.  ☐  Multiple bankruptcy filings affecting the Property. The multiple bankruptcy filings include the following cases:
        1.  Case Name:
            Case Number:              Chapter:
            Date Filed:                 Date Dismissed:         Date Discharged:
            Relief from stay re this property  ☐ was  ☐ was not  granted.
        2.  Case Name:
            Case Number:              Chapter:
            Date Filed:                 Date Dismissed:         Date Discharged:
            Relief from stay re this property  ☐ was  ☐ was not  granted.
        3.  ☐  See attached continuation page for more information about other bankruptcy cases affecting the Property.

    ☐  See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, and defraud creditors.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                                                     **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 10 of* 165    **F 4001-1M.RP**

| In re<br>JNR Enterprises LLC | (SHORT TITLE)<br><br>Debtor(s). | CHAPTER: 11<br>CASE NO.: 1:09-bk-26742-MT |
|---|---|---|

18. ☒ Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the enforcement actions set forth in paragraph 8 above that were taken after the filing of the bankruptcy petition in this case.

   a. ☒ These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Although Movant knew about the bankruptcy filing, Movant had previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting this Property as set forth in paragraph 17(b) above.

   c. ☒ For other facts justifying annulment, see attached continuation page.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on** February 17 **,** 2010 **, at** Irvine, CA *(city, state).*

Joe Losorelli
*Print Declarant's Name*

*Signature of Declarant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009

**F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - Page 11of  165

| In re<br>JNR ENTERPRISES, LLC | (SHORT TITLE)<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NO. 1:09-bk-26742-MT |
|---|---|---|

CONTINUATION PAGE

### ATTACHMENT 3.a.(1)(a), 3.a.(1)(b), 3.a.(2)(d) and 3.b of the Motion

### ATTACHMENT 11 and 16 of the Declaration

The Property is declining in value due to increased vacancies and extensive deferred maintenance. The Property's value has declined since the bankruptcy filing due to market conditions, including high vacancies in the area (which have resulted in decreased rental rates, greater rent concessions required to obtain tenants, and increased vacancy rates at Property). I personally inspected the Property and neighboring properties on January 31, 2010 and it is clear that the Property condition has continued to deteriorate and that the market has continued to decline since the time of my previous personal inspection in July 2009.

### ATTACHMENT 3.a.(2)(d) of the Motion

### ATTACHMENT 16 of the Declaration

Debtor filed the bankruptcy petition on December 11, 2009, yet Debtor failed to attend the 341a Meeting of Creditors, Debtor's counsel has failed to file an employment application, and Debtor's bankruptcy schedules, due December 28, 2009 were not filed until February 10, 2010.  Debtor has been using the rents of the Property, which constitute Movant's cash collateral, without Movant's consent and without a court order, including more than $22,000.00 in January 2010 after service of Movant's Notice of Nonconsent [Docket No. 6, Notice of Perfection of Assignment of Rents and Demand for Sequestrationn of Cash Collateral [11 U.S.C. Sections 362(b)(3) & 546(b)]].

### ATTACHMENT 3.a.(1)(a), 3.a.(2)(c) and 3.a.(2)(d) of the Motion

### ATTACHMENT 8, 16, 18.a and 18.c of the Declaration

A rents and profits receiver was appointed by the Los Angeles Superior Court with respect to the Property on 12/4/2009. Upon notice of the Bankruptcy filing Movant and Debtor, through counsel, negotiated the terms of an agreement regarding turnover of the Property by the Receiver to Debtor, the windup of the receivership in state court and the terms and condtions of Debtor's use of cash collateral. In the interests of the preservation of the Property and a businesslike turnover of the Property, the parties agreed that the Receiver would remain in possession pending execution of a written stipulation. Upon presentation of a written stipulation, Debtor refused to enter into a stipulation on the terms that which had been agreed upon in principle. On 12/31/2009, at Movant's request the Receiver turned over possession of the Property to Debtor without a stipulation in place. On 12/31/2009, Movant filed and served a Notice of Perfection of Assignment of Rents and Demand for Sequestration of Cash Collateral [Docket No. 6] giving express notice of Movant's cash collateral interest in the rents of the Property and Movant's non-consent to use of its cash collateral. Since 12/31/2009 Debtor has been in possession of the Property and has used Movant's cash collateral without Movant's consent or a court order.

Motion for Relief from Stay (Real Property) - Page 12 of 165    F 4001-1M.RP

| In re | (SHORT TITLE) | | CHAPTER: 11 |
|---|---|---|---|
| JNR Enterprises LLC | | Debtor(s). | CASE NO.: 1:09-bk-26742-MT |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Frankel & Tennant Professional Corporation
895 Dove Street, Suite 119, Newport Beach, CA 92660

A true and correct copy of the foregoing document described as NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 2/17/10 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

Katherine Bunker Carolyn A Dye: kate.bunker@usdoj.gov
United States Trustee (LA): ustpregion16.wh.ecf@usdoj.gov
Christopher M Missick: cmissick@frankel-tennant.com

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On 2/17/10 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 2/17/10 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
BANKRUPTCY JUDGE
Honorable Maureen A. Tighe
U.S. Bankruptcy Court
21041 Burbank Blvd., Suite 325
Woodland Hills, CA 91367-6606

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 2/17/10 | DOUGLAS G. TENNANT | _[signature]_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009    F 4001-1M.RP

Motion for Relief from Stay (Real Property) - Page 13 of 165   **F 4001-1M.RP**

| In re (SHORT TITLE) | CHAPTER: 11 |
|---|---|
| JNR Enterprises LLC  Debtor(s). | CASE NO. 1:09-bk-26742-MT |

**ADDITIONAL SERVICE BY U.S. MAIL:**

## 20 LARGEST UNSECURED CREDITORS

| | | |
|---|---|---|
| Integrys Energy Services of Texas<br>P. O. Box 10208<br>Green Bay. WI 54307-0208 | City of Los Angeles<br>Housing Department<br>1200 W. Seventh Street, Suite 100<br>Los Angeles, CA 90017 | City of Los Angeles<br>Municipal Services<br>P. O. Box 30808<br>Los Angeles, CA 90030-0808 |
| Los Angeles County Tax Collector<br>P. O. Box 54018<br>Los Angeles. CA 90054-0018 | Spring ISO Tax Office<br>Mariane C. Smith Assessor/Collector<br>16717 Ella Blvd.<br>P. 0 Box 904458<br>Houston. TX 77290 | Andrew Zinn<br>Vice President, Cal National<br>130 I Dove Street. Suite 101<br>Newport Beach. CA 92600 |
| Benjamin Kiss Inc<br>Fisher. Zisblatt & Kiss<br>1901 Avenue of the Stars. Suite 1020<br>Los Angeles. CA 90067 | David Rahmany<br>321 N. Fonnosa<br>Los Angeles, CA 90036 | Arash Khorsandi<br>1875 Century Park<br>East, 6th Floor<br>Los Angeles, CA 90067 |
| Harris County M. U. D. # 16<br>Bob Leared, Tax Assessor<br>11111 Katy Freeway #725<br>Houston, TX 77079-2197 | Daniel Hoffman<br>625 E. Bethany Road<br>Burbank. CA 91504 | T. Michael Neville & Associates. PC<br>Attorneys and Counselors at Law<br>The preserve at North Loop<br>2040 North Loop West. Suite 102<br>Houston. TX 77018-8109 |
| Leo Vasques<br>Tax Assessor-Collector<br>P. O. Box 4622<br>Houston. IX 77210 | Haney, Buchanan & Paterson LLP<br>707 Wilshire Boulevard<br>Fifty-Third Floor<br>Los Angeles, CA 90017 | Dennis P. Block<br>Dennis P. Block & Associates<br>5437 Laurel Canyon Blvd .. Second Floor<br>Valley Village. CA 91607 |
| EPCOT Electric<br>2500 West Loop South Suite 530<br>Houston. TX 77027-0000 | Farmers National Document Center<br>P. O. Box 268994<br>Oklahoma. OK 73126-8994 | GAIMS. WEIL WEST & EPSTEIN LLP<br>Jeffrey B. Ellis<br>1875 Century Park East<br>Twentieth Floor<br>Los Angeles, CA 90067 |
| Wolf. Rifkin. Shapiro. Schulman & Rabkin. LLP<br>11400 West Olympic Blvd. Ninth Floor<br>Los Angeles, CA 90064 | Patrick J, Chambers. CMI<br>63 Barcelona<br>Irvine. CA 92614-5334 | Philip Alexander<br>707 Wilshire Blvd. 53rd Floor<br>Los Angeles. C A 90017 |
| Remediation Solutions. Inc<br>5455 Wilshire Blvd .. Suite I Rio<br>Los Angeles. CA 90036 | Rogers & Harris<br>654 North Sepulveda Blvd. Suite I<br>Los Angeles. CA 90049-2070 | RPM Management, Inc<br>8281 Melrose Ave .. Suite 305<br>Los Angeles. CA 90046 |
| T. Michael Neville & Associates. PC<br>Attorneys and Counselors at La\\-'<br>The preserve at North Loop<br>2040 North Loop West. Suite 102<br>Houston. TX 77018-8109 | **Debtor**<br>JNR Enterprises LLC<br>8220 Langdon Ave<br>Van Nuys, CA 91406 | **Debtor's Attorney**<br>Richard Gibson<br>21800 Oxnard St #310<br>Woodland Hills, CA 91367 |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*   **F 4001-1M.RP**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Movant JPMorgan Chase Bank, N.A. ("Movant") is a secured creditor with respect Movant's $2,793,000.00 loan (the "Loan") to Debtor JNR Enterprises, LLC ("Debtor"), on certain real property and improvements, including a forty (40) unit apartment complex located at 8220 Langdon Ave., Van Nuys, CA 91406 and the rents, issues, and profits generated from the 40-unit apartment complex situated thereon (collectively the "Property"). (Declaration of Joe Losorelli, attached to Motion on Court's form ("Losorelli Declaration"), Exhibits A and C). Movant is the holder and owner of the Note, the Deed of Trust, and all other documents evidencing and/or securing the Loan (collectively, the "Loan Documents").

Movant is entitled to relief from the automatic stay under 11U.S.C. § 362(d)(1) and 11 U.S.C. § 362(d)(2) for the following reasons.

**II.   MOVANT IS ENTITLED TO RELIEF FROM STAY PURSUANT TO 11 U.S.C. §362(d)(1) AND §362(d)(2)**

   **A.   Movant Is Entitled To Relief From Stay For Cause, Under 11 U.S.C. §362(d)(1)**

Section 362(d)(1) of the Bankruptcy Code provides that a bankruptcy court shall grant a party in interest relief from stay for "cause, including lack of adequate protection." Here, cause exists for each of the following reasons:

   1.   Movant lacks adequate protection of its interest in the Property due to Debtor's failure to maintain the Property, which has caused the Property to deteriorate in a declining real estate market, with repairs requiring at least $233,000.00. Losorelli Declaration ¶ 6, 12, 18; Declaration of Keith Settle ("Settle Declaration") and Appraisal attached thereto, Exhibit G ("Appraisal").

   2.   Movant's Loan is in substantial default and the Property is in foreclosure due to (i) the failure to make monthly installment payments from and after May 2009; and (ii) the failure to maintain the condition of the Property. Losorelli Declaration ¶ 6-12, 18; Settle Declaration and Appraisal attached thereto, Exhibits G.

3. Debtor and the Bankruptcy estate lack equity in the Property, as reflected in evidence of value submitted by Movant on this Motion. Losorelli Declaration ¶ 10-12; Settle Declaration and Appraisal, <u>Exhibit G</u>. Lack of equity can constitute a lack of adequate protection and cause to grant relief from stay under 11 U.S.C. § 362(d)(1). See <u>In re Mellor</u>, 734 F.2d 1396 (9th Cir. 1984)

4. Movant's interest in the Property is not adequately protected because Property is declining in value due to increased vacancies and extensive deferred maintenance. Losorelli Declaration, Continuation Page, Attachment 11 and 16. The Property's value has declined since the bankruptcy filing due to market conditions, including high vacancies in the area (which have resulted in decreased rental rates, greater rent concessions required to obtain tenants, and increased vacancy rates at Property). Losorelli Declaration, Continuation Page, Attachment 11 and 16.

5. Debtor has exhibited bad faith under the "totality of the circumstances" test, warranting relief from the automatic stay for cause. See <u>Matter of Little Creek Develop. Co.</u>, 779 F. 2d 1068, 1072. The loan securing the Property is in default and has been in default since March 2009, and the Debtor has used the bankruptcy process to delay and hinder Movant's foreclosure while failing to advance the bankruptcy. Debtor filed the bankruptcy petition on December 11, 2009, yet Debtor failed to attend the 341a Meeting of Creditors, Debtor's counsel has failed to file an employment application, and Debtor's bankruptcy schedules, due December 28, 2009 were not filed until February 10, 2010. Losorelli Declaration, Continuation Page, Attachment 8, 16, 18a and 18c. Debtor has been using the rents of the Property, which constitute Movant's cash collateral, without Movant's consent and without a court order, including more than $22,000.00 in January 2010 after service of Movant's Notice of Nonconsent [Docket No. 6, Notice of Perfection of Assignment of Rents and Demand for Sequestrationn of Cash Collateral [11 U.S.C. Sections 362(b)(3) & 546(b)]]. Losorelli Declaration, Continuation Page, Attachment 8, 16, 18a and 18c.

MEMORANDUM OF POINTS AND AUTHORITIES

### B. Movant Is Entitled to Relief From Stay Under 11 U.S.C. § 362(d)(2).

Section 362(d)(2) of the Bankruptcy Code provides that a bankruptcy court <u>shall</u> grant relief from stay if (a) the debtor does not have any equity in the property, and (b) such property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2).

Pursuant to § 362(g), Movant must prove that Debtor has no equity in the Property. To determine whether Debtor has equity in the Property, the Court must compare the value of the Property to the total amount of all encumbrances on the Property. <u>Stewart v. Gurley</u>, 745 F.2d 1194, 1195-96 (9th Cir. 1984). Once Movant has established Debtor's lack of equity in the Property, the burden of proof shifts to Debtor to establish that Debtor's retention of the Property is necessary to an effective reorganization within a reasonable time. <u>In re Outlook/Century Ltd.</u>, 127 B.R. 650, 652 (Bankr. N.D. Cal. 1991); <u>United Savs. Assoc. of Texas v. Timbers of Inwood Forest Assocs.</u>, 484 U.S. 365, 108 S. Ct. 626, 633 (1988). Here, Debtor has no equity in the Property, and the Property is not necessary to an effective reorganization due to the lack of equity and lack of prospect of a confirmable plan of reorganization. Accordingly, Movant is entitled to relief from the automatic stay pursuant to § 362(d)(2).

#### 1. Debtor Has No Equity in the Property.

Movant has satisfied its initial burden of proof with respect to Debtor's lack of equity in the Property. "Equity" for the purposes of Section 362(d)(2) is the "difference between the value of the property and all encumbrances upon it." <u>Stewart v. Gurley</u>, 745 F.2d at 1195.

As of June 10, 2009, the total amount owed under the Note and Deed of Trust was $3,136,868.91. Losorelli Declaration ¶ 6. As set forth in the Settle Declaration and Appraisal, the value of the Property is, at most, $2,384,000.00. Losorelli Declaration ¶ 10; <u>Exhibit G</u>.

Even without taking into account costs of sale of 8% and any other senior or junior encumbrances that may exist, there clearly is no equity in the Property for Debtor or the Bankruptcy estate. The Property is worth more than $752,867.87 less than the Debtor owes to Movant.

Furthermore, the foregoing does not take into account the distressed condition of the Property, due to extensive deferred maintenance.  Losorelli Declaration ¶ 18; Settle Declaration and Appraisal attached thereto, Exhibit G.

**2.    The Property Is Not Necessary To An Effective Reorganization.**

Once Movant has established Debtor's lack of equity in the Property, the burden of proof shifts to Debtor to establish that (1) Debtor's retention of the Property is necessary to an effective reorganization, and (2) there is a reasonable possibility of successful reorganization within a reasonable time.  In re Outlook/Century Ltd., 127 B.R. at 652.  If Debtor cannot establish these elements, then Movant is entitled to relief under section 362(d)(2).  Id.

Here, Movant respectfully submits that no confirmable plan of reorganization is in prospect.  Indeed,  it is clear that the Property is not necessary for an effective reorganization. Here, the Property is worth $2,384,000.00 and encumbered with at least $3,159,320.52 in debt.

To be "effective," a plan must be confirmable and meet the requirements set forth in 11 U.S.C. § 1129.  Edgewater Walk Apts. v. Mony Life Ins. Co. of America, 162 B.R. 490, 498 (N.D. Ill. 1993).  Under section 1129, impaired secured creditors such as Movant must either assent to the plan or be treated fairly and equitably under the plan if it is to be confirmed over their objection.  Id.  The plan also must be likely to succeed.  Id.  Thus, these requirements of fair and equitable treatment and likelihood of success are appropriately considered by a court in a § 362(d)(2) context.  Id.

A consensual plan under § 1129(a) is not possible in this case because it must be accepted by each impaired class.  11 U.S.C. § 1129(a)(8).  Unless Debtor proposes a plan which pays the full amount of Movant's claims in full on the effective date, Movant will not vote in favor of the plan.

**(a)    The Property Would Be a Drain on the Estate, Rather Than a Benefit to the Estate, And Therefore Is Not Necessary to An Effective Reorganization.**

Retaining the Property would result in a substantial drain on the bankruptcy estate rather than a benefit to the estate, such that the Property is clearly not necessary to an effective reorganization.  Any plan of reorganization, to be confirmable, would have to address remediation

of the deferred maintenance problems in excess of $233,000.00. Settle Declaration and Appraisal attached thereto, <u>Exhibit G</u>. The funds to address these issues would have to be from sources other than the revenues of the Property, which are insufficient to cure the tax delinquencies and substantial property condition problems. Debtor has not shown any sources of funds to address these problems, but if such funds did exist, investing such funds in a property in which Debtor lacks equity would not be in the best interests of Debtor, the estate, or Debtor's creditors.

### (b) **Any Plan Providing For Debtors' Retention of the Property Will Be Unconfirmable Because it is in Violation of the Best Interests of the Creditors Test in § 1129(a)(7)(A)(ii).**

Among other requirements for confirmation of a plan of reorganization, a plan must provide that each non-accepting class of claims will receive an amount "that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date." 11 U.S.C. § 1129(a)(7)(A)(ii). This so-called "best interests of the creditors test" obligates a debtor to establish that confirmation of a chapter 11 plan would at least equal the benefit to creditors of a chapter 7 liquidation.

Debtor cannot satisfy this test to the extent Debtor proposes to retain the Property. As noted above, in order to retain the Property Debtor would have to commit substantial, new and additional funds from sources other than the Property in order to pay delinquent taxes and to cure health and safety and deferred maintenance problems. Such funds, which would otherwise be available to pay other creditors, would be sunk into a property in which the Debtor has no equity, with no corresponding benefit to the estate or its creditors. Moreover, to the extent Debtor retains the Property, Movant is entitled to have the unsecured portion of its claim treated just as the other unsecured creditors, diluting the payout of unencumbered funds to unsecured creditors. By contrast, if Movant is granted relief from stay and completes its foreclosure of the Property, then Movant will not retain an unsecured claim against the estate for a deficiency. Thus, Movant's relief from stay and foreclosure of the Property would <u>eliminate</u> a claim against the estate, which would create a benefit to the other creditors of the estate. Thus, Debtor cannot confirm a plan in which Debtor retains the Property, because (1) foreclosure and elimination of Movant's

MEMORANDUM OF POINTS AND AUTHORITIES

1  deficiency claim would be the result in a chapter 7 liquidation; (2) foreclosure and elimination of
2  Movant's deficiency claim would permit other creditors to receive more than if Debtor retains the
3  Property; and (3) the Court cannot confirm a chapter 11 plan under which creditors of the estate
4  would receive less than in a chapter 7 liquidation.
5      Under all of these circumstances, relief from the automatic stay is clearly warranted under
6  11 U.S.C. § 362(d)(2).

7  IV.  **CONCLUSION**
8      For the foregoing reasons, Movant requests the Court (1) to grant relief from the automatic
9  stay pursuant to 11 U.S.C. §§ 362(d)(1) and (d)(2), retroactive to the petition date, to permit
10 Movant to pursue all of its remedies under its loan documents and under applicable state law with
11 respect to the Property.

12 DATED: February 17, 2010            FRANKEL & TENNANT
                                       PROFESSIONAL CORPORATION

                                       By: _____
                                           DOUGLAS G. TENNANT
                                           Attorneys for Movant
                                           JPMORGAN CHASE BANK, N.A.

MEMORANDUM OF POINTS AND AUTHORITIES